UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>MIGUEL CISNEROS,<br><br>   Defendant. | CASE NO.   CR05-281 JLR<br><br>DETENTION ORDER |

Offense charged:

  Count I:  Conspiracy to Distribute Methamphetamine, Cocaine and Heroin, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A) and 846.

Date of Detention Hearing: August 1, 2005.

  The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Doug Whalley.  The defendant was represented by Michael Nance.

DETENTION ORDER
PAGE -1-

1  The Government's argument for detention noted the defendant's involvement in
2  eleven confidential informant or undercover buys involving the sale of methamphetamine
3  and cocaine by the defendant.  The Government further supported its position, positively
4  identifying the defendant as the middleman making introductions to other drug co-
5  conspirators.  Additionally, the defendant's voice was identified in wiretap conversations.

6  The Government communicated concern regarding the defendant's extensive
7  misdemeanor criminal history, and stated that the defendant's numerous failures to appear
8  are relevant to future behavior.  Mr. Whalley argued that the defendant's numerous alias
9  names, his status of being a non-U.S. citizen, and his admitted addiction to cocaine further
10 buttressed the Government's motion for detention.  Finally, the Government surmised that
11 if convicted, the defendant would most likely face deportation, which also elevates the risk
12 of flight.

13 The defense argued for the defendant's release into an in-patient treatment
14 program, viewing the defendant's misdemeanor criminal history as a reflection of his drug
15 addiction and driving issues.  The defense asserted that the defendant is a good candidate
16 for release, providing sworn testimony of his sister as to his ties to family and this
17 community, as well as his housing and employment options.  The defense also noted that,
18 while not a U.S. citizen, the defendant has resided in the United States for 28 years and
19 considers himself a U.S. citizen.

20 <u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

21 (1) There is probable cause to believe the defendant committed the drug
22      conspiracy offense. The maximum penalty is in excess of ten years.
23      There is therefore a rebuttable presumption against the defendant's
24      release based upon both dangerousness and flight risk, under Title 18
25      U.S.C. § 3142(e).

26 (2) Nothing in this record satisfactorily rebuts the presumption against

release for several reasons:

    (a)    The defendant presents a risk of flight as he is a non-U.S. citizen associated with five alias names, three dates of birth, and three Social Security numbers. This, in combination with his outstanding warrant and history of non-compliance with court orders only supports detention rather than rebutting the presumption;

    (b)    The defendant's admitted addiction to illegal controlled substances, combined with his criminal history and the nature of the instant offense, defeats any evidence which may have overcome the presumption against release.

(3)    Based upon the foregoing information which is consistent with the recommendation of U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l)    The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which

the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 2nd day of August, 2005.

_MJ Benton_
MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -4-